

DA 12-0098

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 188N

IN THE MATTER OF:

T.R. 1 and T.R. 2,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DN-09-01C and DN-09-02C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        Andrew J. Breuner; Law Office of Andrew J. Breuner, Gallatin Gateway, Montana (for Mother)

        Elizabeth Thomas, PLLC, Attorney at Law, Missoula, Montana (for Father)

    For Appellee:

        Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

        Lucy Hansen, Assistant Attorney General, Child Protection Unit, Missoula Montana

Submitted on Briefs:  August 8, 2012

Decided:  August 28, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Birth mother N.S. (Mother) and birth father K.R. (Father) appeal from an order of the Eighteenth Judicial District Court, Gallatin County, terminating their parental rights to their four-year-old twin daughters, T.R. 1 and T.R. 2. Mother also appeals the District Court's order denying her a new trial. We affirm.

¶3 The following issues are raised on appeal:

¶4 Whether the District Court abused its discretion by terminating Mother and Father's parental rights.

¶5 Whether the District Court erred in finding it was in the children's best interests to terminate the parental rights.

¶6 Whether the District Court erred in finding the Department of Health and Human Services (the Department) made reasonable efforts to reunify the family.

¶7 Whether the District Court adequately addressed the appropriateness of the treatment plans in its Findings of Fact and Conclusions of Law.

¶8 Additionally, Mother asserts the District Court abused its discretion by denying her a new trial based on new evidence.

¶9 The Department removed T.R. 1 and T.R. 2 from Mother and Father's care on December 30-31, 2008 after T.R. 1 suffered her second life-threatening emergency in three months while in Mother and Father's care. T.R. 1 and T.R. 2 were eight-months-old at the time. As a result of the emergencies, T.R. 1 is severely neurologically and developmentally impaired and will require regular and specialized therapy, care, and treatment the rest of her life.

¶10 The Department first petitioned to terminate Mother and Father's parental rights on May 9, 2009. While awaiting the termination hearing, the Department and the parents reached an agreement where the Department would withdraw its petition and the parents would stipulate that T.R. 1 and T.R. 2 were youths in need of care. The District Court approved the agreement and granted the Department temporary legal custody on January 14, 2010.

¶11 On March 10, 2010, with advice from counsel, Mother and Father both agreed and stipulated to court-ordered treatment plans. The individual treatment plans set forth a number of goals for Mother and Father and included required tasks that they were to complete to achieve their goals. The Department filed a second petition to terminate Mother and Father's parental rights on July 13, 2010 under §§ 41-3-609(1)(f) and -609(4)(b), MCA. On August 3, 2010, the District Court scheduled a termination hearing to begin on January 24, 2011 and issued an order keeping all previous orders in effect pending the outcome of the petition.

¶12 The termination hearing lasted five days. The District Court issued Findings of Fact and Conclusions of Law on January 10, 2012. The District Court terminated Mother

3

and Father's parental rights pursuant to § 41-3-609(1)(f), MCA, after finding T.R. 1 and T.R. 2 were youths in need of care, neither Mother nor Father complied with their treatment plans, the conditions rendering Mother and Father unfit were unlikely to change within a reasonable time, and termination of Mother and Father's parental rights were in the best interests of the children. Mother moved for a new trial pursuant to M. R. Civ. P. 59 based on allegedly newly discovered evidence, which the court denied on March 15, 2012. Mother and Father both appeal.

¶13 We review a district court's decision to terminate parental rights for abuse of discretion. *In re D.B. and D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. A trial court abuses its discretion if it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *In re D.B. and D.B.*, ¶ 16.

¶14 A court may terminate parental rights if (1) the child is adjudicated as a youth in need of care; (2) an appropriate court-approved treatment plan has not been complied with or has been unsuccessful; and (3) the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. Montana requires that parents completely comply with treatment plans; partial or substantial compliance is insufficient. *In re D.B. and J.D.*, 2004 MT 371, ¶ 41, 325 Mont. 13, 103 P.3d 1026.

¶15 Mother and Father argue that the District Court erred in finding they did not comply with their treatment plans, and also in finding that the conduct or condition rendering them unfit is unlikely to change within a reasonable time. These are findings

of fact that we will only disturb if they are clearly erroneous. *In re D.F.*, 2007 MT 147, ¶ 21, 337 Mont. 461, 161 P.3d 825.

¶16 Mother's treatment plan, which she agreed and stipulated to with advice from counsel, required, among other things, that she complete a chemical dependency evaluation by April 2010, follow all of the resulting recommendations, and submit to urinalysis testing during the temporary legal custody period. Father's treatment plan required, among other things, that he remain drug and alcohol free, submit to urinalysis testing during the temporary legal custody period, and keep in regular contact with a child protection specialist.

¶17 Mother and Father both admitted that they stopped submitting to urinalysis testing in November 2010. Additionally, Mother does not dispute that she did not complete the required outpatient treatment recommended following her chemical dependency evaluation, and Father concedes that he consumed alcohol and did not keep in contact with the Child Protection Specialist after July 2010. Thus, there is substantial evidence supporting the District Court's findings that Mother and Father did not comply with their individual treatment plans.

¶18 We also find substantial evidence in the record to support the District Court's findings that the conditions rendering Mother and Father unfit were unlikely to change within a reasonable time, and that it was in the best interests of the children to terminate the parental rights. Three psychologists testified that Mother has ongoing emotional and/or mental illness issues, and all agreed that Mother cannot address these conditions within a reasonable time. Likewise, two psychologists testified that Father has ongoing

5

emotional and/or mental illness issues that were unlikely to change within a reasonable time.

¶19 In addition to the psychologists' testimony, the District Court based its findings on Guardian ad Litem Karen Tkach's testimony that termination would be in the children's best interests and on its own impression of Mother as emotionally unstable, as reflected in her testimony. Additionally, termination was statutorily presumed to be in the best interests of the children under § 41-3-604, MCA, because the children had been under the physical custody of the State for more than fifteen of the most recent twenty-two months. While Mother and Father produced witnesses that do not agree with the court's findings, the District Court as fact finder was in the best position to weigh all of the evidence and evaluate the witnesses' credibility.

¶20 Next, Mother argues for the first time on appeal that the Department did not make reasonable efforts to reunify the family as required by § 41-3-423(1), MCA. This Court does not consider issues presented for the first time on appeal. *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38; *In re A.N.W.*, 2006 MT 42, ¶ 41, 331 Mont. 208, 130 P.3d 619. We therefore decline to review the reasonableness of the Department's efforts to reunify the family.

¶21 Mother also argues that the District Court erred by not specifically addressing the appropriateness of the treatment plans in detail in its Findings of Facts and Conclusions of Law. However, neither Mother nor Father disputed the appropriateness of the treatment plans prior to appeal. Mother does not even argue now that her treatment plan was inappropriate. The District Court did not err.

6

¶22 Lastly, we review a district court's denial of a motion for a new trial under M. R. Civ. P. 59 based on newly discovered evidence for an abuse of discretion. *Lopez v. Josephson*, 2001 MT 133, ¶ 16, 305 Mont. 446, 30 P.3d 326. Mother moved the District Court for a new trial on January 30, 2012, arguing that her conduct after the termination hearings was newly discovered evidence that entitled her to a new trial. The District Court rejected Mother's argument, holding that she had not provided any qualifying newly discovered evidence, and her conduct after the trial was irrelevant, immaterial information, or cumulative. We agree. Mother concedes that her motion did not present new evidence material to her treatment plan compliance, the primary criteria at issue in this termination. Further, Mother's alleged new evidence was merely cumulative regarding the likelihood that the condition rendering her unfit would change within a reasonable time. As such, the District Court was correct that Mother had not presented any qualifying new evidence, and it did not abuse its discretion by denying her motion for a new trial.

¶23 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law. It is manifest on the face of the briefs and the record that there was not an abuse of discretion.

¶24 Affirmed.

/S/ MIKE McGRATH

7

We concur:


/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS